[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In September, 1988, plaintiff and defendants entered into a real estate contract for the purchase of seven acres, plus or minus, at 77 Swimming Hole Road, Harwinton, for $275,000. Defendants then owned a parcel of about 11 acres and wished to retain four acres at the rear of the parcel. Defendants had ordered a survey of the property; the possibility that it would not be complete by closing is covered in an addendum to the purchase agreement. (Pl. Exh. 1). After the survey was done, in January, 1989, a meeting was held in the office of defendants' real estate agent attended by plaintiff, her agent, and Mr. VanWie. At that meeting, the parties discussed the survey, a change in the acreage plaintiff would be sold, a reduction in the purchase price to $252,000 because of that change, a reduction in the purchase money mortgage from defendants to plaintiff to $97,500 and the possibilities for access to the lot defendants would retain. The parties agreed to the changes, including retention by defendants of an easement over the parcel to be sold to plaintiff to provide them with access. The plaintiff and Mr. VanWie both testified that agreement was reached on those modifications.
In reliance on the contract, plaintiff put her house on the market and agreed to a reduced price to sell it after defendants reduced the purchase price on their property. In February, 1989 plaintiff signed a real estate contract to sell her house for $150,000. The closing was scheduled for March 17, 1989 to coincide with the closing on the defendants' property. Plaintiff hired a professional engineer to inspect the house, a termite inspector and had received a mortgage commitment to finance the purchase.
Two days before the scheduled closing, plaintiff's agent informed her that the deal would not close. Ms. St. Pierre was able to postpone the closing on her own house until May 1, 1989. Defendants were unable to close on March 17, 1989 since they had not applied for the necessary subdivision approval from the town of Harwinton.
Defendant argues that the September 1988 agreement is unenforceable because it does not comply with the Statute of Frauds. Conn. Gen. Stat. Sec. 52-550. Defendant alleges that CT Page 8147 the subject of the 1988 agreement is too imprecise to comply with the statute, citing Dunham v. Dunham, 204 Conn. 303, 315
(1987) and Montanaro Bros. Builders, Inc. v. Snow, 190 Conn. 481,486 (1983) In September and October, 1988, the parties all knew which portion of the eleven acre parcel defendants were selling even though lack of a survey precluded a metes and bounds description. However, the parties here had the benefit of a survey when they orally agreed to a modification in January, 1989. This case differs therefore from Montanaro Bros. Builders since the part performance here is referable to and consistent with the agreement the parties had reached. To allow defendants to now assert the Statute of Frauds to avoid the agreement drafted by their real estate agent when the plaintiff had performed all of her obligations under it would amount to the perpetration of a fraud that the doctrine of part performance was designed to prevent. See Breen v. Phelps, 186 Conn. 86, 94 (1982).
Plaintiff has sustained her burden of proving consequential damages flowing from defendant's breach of the contract in the amount of $10,091.34 which represents the boarding fee for two horses, plaintiff's cat, three months rent for an apartment, one move, the fees for engineering and pest inspections.
Judgment will enter for plaintiff for $10,091.34, plus costs.
SUSCO, J. CT Page 8148
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8149
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8150
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8151
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8152
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8153
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8154
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8155
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8156
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8157
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8158
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8159
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8160
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8161
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8162
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8163
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8164